3-090-425 Board of Education of Crete-Monee College by William Gleason v. Will County Board and lead by Domenica Astadirba Thank you. Mr. Gleason, good morning. Good morning. May it please the Court, Counsel, my name is William Gleason and I represent the petitioner appellant of the Board of Education of Crete-Monee High School District 201-U. We're before Your Honors this morning on a discretionary appeal pursuant to Rule 308 with a certified question from the Circuit Court. The certified question is, in order to qualify as an access road necessary to construct school grounds on which a new high school is or is about to be constructed with an improved highway pursuant to Section 10-22.36a of the Illinois School Code, must the road cross an intervening parcel of property or may it connect school grounds to a contiguous improved road or highway? For the reasons which I will present to the Court, I believe the answer is clearly that there is no requirement that the road cross an intervening parcel of property. The background facts here are quite simple and they're not in dispute between the parties. The Board of Education created, built and constructed a new high school building along Exchange Street in Crete, Illinois. As part of the general construction, it constructed a paved way and there is some dispute as to whether it's a road or a driveway, but it's certainly a paved way that is used and intended to be used for vehicular traffic. Is it to be used for two-way traffic? For people to access the school grounds, Your Honor, and for people to exit the school grounds. So both directions of traffic? Yes, it would. At the same time? Yes, there's two lanes of traffic on the road, what I would call a road, yes, Your Honor. The reason I ask that is my driveway, I don't have traffic coming and going, it's a single lane. Sure, Your Honor, and as I'll discuss to you, I don't believe that this is a driveway as considered by law. Basically, the parties are here because the circuit court decided that this was not an access road as contemplated by the Illinois school code because it believed that it needed, the actual road that was built by the school district needed to contravene, intervening parcels of property and this road doesn't because the school grounds necessarily abut to Exchange Street. However, if you look at the plain language of the statute in question, I don't believe that there's any requirement that an intervening parcel of property be required. And as Your Honors are well aware, one of the first and major tenets of any statutory construction is that we look at the plain language of the statute and give all common and ordinary words their ordinary meaning. Here the statute says that the school board has the power to lay out and construct any access road necessary to connect school grounds on which a new school is being or is about to be constructed with an improved road or highway. In this case, the school district unquestionably constructed a, what I would call a highway, with the existing road, which is Exchange Street. The debate in the circuit court was, well, it wasn't necessary because the road is on school grounds and it's not really connecting with anything. That strains the argument of what connect means. Connect means, commonly, to become joined. The roads intersect, they run into one another, they are joined. They talk about what is access. Access is your ability to get to and from your property. Without this highway, we have no access. So it clearly meets the definitions of the school code. The court should also, when interpreting a statute, not try to come to absurd results. If we were to accept the circuit court's reasoning or the reasoning of the county here, this statute for access roads would only apply in a situation where the school district went out and bought a piece of property that was completely landlocked and then opened a high school on it. It doesn't make sense that any school district would do that. And even if they did, a school district has eminent domain powers and they would necessarily just buy up all the property with the roadway. The other thing that they're trying to urge your honors to say is, well, they don't need access to it because it's right next to it. So what access do they need? But the key here is we're building a road. It's to obtain vehicular access. And the mere fact that my school grounds connect to the highway doesn't mean that I don't need to build some medium capable of vehicular traffic. To have their reading, it means that when the school bus pulls in, it pops the curb, drives up on the grass all the way to the front door. That's not what access is. Access is clearly talking about vehicular access. And that's what we have here. The other thing that would be an absurd result is if this was a driveway, which the vehicle code defines as a way or place in private ownership and used for vehicular traffic by the owner and those persons having express or implied permission from the owner, but not by other persons such as Justice Wright's driveway. However, this particular piece of road is a highway as defined by the Illinois Vehicle Code. And that is the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular traffic or is located on school property. That's the definition of a highway. And the only reason that any of this is an issue is because of the cost of erecting the traffic? The only reason it's an issue, Your Honor, is because they won't issue the permit for the school district to operate the road because the school district will not pay for the cost and the installation and maintenance of a traffic control signal. And the reason that the school district will not do that is because it does not have the authority under the Illinois School Code to do it. And in fact, the Illinois School Code at Section 10-22.20a specifically states that the Board of Education does not have the authority to erect a traffic control signal when it is within the corporate boundaries of any municipality or town. It's undisputed that this high school is clearly within the limits of the village of Crete. As such, we don't have authority under the school code to expend funds to construct, maintain a traffic control signal. And that's the only thing that the county has consistently said the school district did not do to comply with its permit applications. It wouldn't agree to pay for the traffic control signal. So that's correct, Your Honor. Reverting back to the distinction of why it's important that this is a highway versus a driveway, it's because without the distinction, local law enforcement has no ability to enforce speed restrictions on the road. And in fact, in Public Act 92-780, the legislators specifically added in on-school grounds to the definition of a highway so that they could stop people from speeding in and out of it. If it were a driveway as proffered by the county or as funded by the circuit court, the kids can speed up and down it ad nauseum and nobody has the legal authority to tell them they can't do it. It has to be a highway. It has to be a road. And if it's a road and it's not a driveway, it connects. And as such, that has implications for the county because pursuant to the clear terms of the county code, any district access road pursuant to 10-22.36a that connects with a county highway becomes part of the county highway system. But to back up a second, you just made a statement that said if it's not considered a highway, that they can't enforce speeding. But aren't there instances all over the state where private property, whether it's a mall or other maybe private residential development, where they enter into contracts with local law enforcement for the enforcement of traffic and other regulations on private property? Yes, Your Honor, and there's provisions in the law for private property owners to petition the municipalities or other enforcement agents to do that. There's no provision under the vehicle code or the Illinois school code for the school district to do the same thing. And that's specifically why the legislature adopted that 92780, was for that concern. So we believe that clearly the road meets the terms of an access road. And as such, the question that's before the court needs to be answered. There's no requirement for intervening parts of the property because that's not what the statute says. And to read the statute that way comes to some ridiculous conclusions. Based upon the fact that many of the facts here, almost all of the facts here, are not in dispute, we think this court may even take the opportunity to go beyond the certified question and enter the judgment that the school district is entitled to in this case. And we've cited the Boyd case from the Illinois Supreme Court, which I think, I contend, would give Your Honors the ability to do that. In this case, there is absolutely no dispute if the court determines that this is an access road under the school code that it connects with Exchange Street. It's part of the county highway system. The county, for their purposes, admits in interrogatory responses that if these are two intervening county highways, they're responsible for the erection, maintenance, and traffic control signals. They further admit that because of the traffic study that's at issue in this case, which is contained in the record, that a traffic signal is required here due to the warrants which come from the National Highway Traffic Safety Administration. So because it meets the warrants, they've determined in their discretion that a traffic signal is required here. They have undertaken the discretionary act of making a choice as to whether the light is here, and they've done so. So we'd be asking this court to direct them through a writ of mandamus to take the ministerial act now of putting the light up because they've already determined that it's there. And so for those reasons, we would ask the court to answer the certified question that there is no requirement for an intervening parcel of property and to enter summary judgment on behalf of the school district with regard to the matters that were presented before the circuit court. And let's see if Your Honors have any other questions. Thank you. Ms. Osterberger, good morning. Good morning, Mr. Court, counsel. The one thing I think we agree on in our arguments here is that the cardinal principle of statutory construction is that the court should give effect to all words used by the legislature. And what I'd like this court to focus on are three key points in the school code reference to an access road. The code refers to the road being necessary to connect the school ground. Now, my opponent comes up here and argues, well, we need this road to connect to the front door of the building. That's the word he used. He said when he argued here that he needs to have this roadway  But the problem is that the school code reference to access road doesn't refer to building, it refers to grounds. The grounds themselves on this particular parcel of property are adjacent to Exchange Street along the whole frontage of Exchange Street. It's the county's position that the plain language of the statute would refer to having to connect those grounds to something that isn't already connected to the highway. We think that the whole parcel of property is connected to the highway on Exchange Street. It's already joined to the highway. There's no need to have a road that would join the school grounds to the highway. And in fact, my opponent in their reply brief argues to the court that, well, we need the road because otherwise we're going to be jumping a curb and getting in. There is nothing in the statute that would prohibit perhaps an apron or a cutout to access a parking lot or some other ability to get onto the grounds of the property itself. In other words, what I'm trying to say is, you don't need a road to get from Exchange Street to the school grounds. What they really want is an ability to get from Exchange Street to the building itself. And that's not what the definition of access road under the highway is. I would point out to the court that their argument would lead to absurd results. As I argued in the county's brief, if you take their argument to the extreme, any paved surface that would accommodate vehicles and traffic from those vehicles that comes off of the county highway here at Exchange Street would arguably be an access road under their definition of the statute. It would burden the county with creating county highways out of maintenance roads, out of driveways, out of bus turnarounds, and out of parking lots. That's an absurd result. And more importantly, the real problem with their interpretation of the statute is this, that it would allow for a school district to, without any input or decision-making from the county, to burden the county or municipality, if it were a municipality that were at issue here because there's a statute about that too, but it would allow the school district to burden the county with the school district's decision upon the siting of a county highway. In other words, what they're saying is, we're going to build whatever we want, and then it's yours. The county would have no input onto the cost of that or the safety concerns attendant to the placement of that intersection or roadway. So it's the district's interpretation of the statute that the county would submit is absurd. I would point out, too, that the district's insistence that they aren't authorized to build a driveway and that, therefore, this particular roadway, Independence Drive, can't be a driveway, is both a red herring in this court and a product of some flawed logic. Their authorization to build what they call a driveway is really irrelevant to the issue before the court here. Perhaps they have the authority to build a roadway that could be considered a driveway, perhaps they can't. Even assuming that the district can't, even assuming that they're not supposed to build a driveway, it doesn't automatically become an access road under the statute because they don't want to call it a driveway. The definition in the statute says that access roads have to be necessary to connect to the grounds, and that is what the county is relying upon here. I would respond to the district's argument that the county has a ministerial duty to install the lights by saying this. We never approved the intersection, much less approved it under a decision that the county itself would install the traffic light here. So we haven't made a decision to install it and have thus failed to install the light. And it is our decision that they should install the light if they want the permit to the driveway to their property. And I would ask the court this, that you not extend your decision in this case to address their claims about the resolution of the declaratory judgment action here. I would argue first that the district has waived that request because they didn't ask for that expansion in their initial brief. It was only after I pointed out in the appellee's brief that they are asking for a relief beyond that certified by the trial court that they've come back in their reply brief and said, well, there are circumstances where the court can address issues beyond the certified question. I would argue to the court that it's too late for them to make that request in their reply brief. But I would also argue to the court that even if the court would consider the possibility of expanding your decision in this case, that it is not something that should be addressed at this juncture because this case isn't that simple. As I noted in my brief to this court, the county argued below that if they're right, if independence drive here really is an access road under the school code that automatically becomes a county highway under the statutory provision, then it's a county highway. We really don't even have to issue a permit because it's our highway, it's our intersection, and we can close it. So there are more complicated issues involved here than the district's simple assertion that we have to put a light where they have decided that they want the driveway to the school property to be located. I would ask the court to answer the certified question in this case as this, that yes, an access road must cross intervening property to be considered a county highway under Section 10-22-36A and Section 2-102E of the Highway Code. I would be happy to answer any questions that the court may have about this case. Is it a construction permit that's being held up? Yes, it's a permit for the construction of the intersection. What authority does the county have to deny a construction permit by demanding payment in addition to the permit fees? The county doesn't have any obligation to issue the permit at all, Your Honor, and the Section 4-13 of the Highway Code, I believe it's the Highway Code that's 4-13, yes, allows for access roads or driveways for public and private use may be built upon receipt of a permit from the county superintendent of highways to be laid out from a county highway in accordance with the regulations adopted by the county board. As we argued to the trial judge below, the county highway ordinance provides certain provisions about safety issues and other considerations that the county would give to issuing the permit in these circumstances, one of which is that if there's traffic, I didn't mean to interrupt. Let's assume there is no driveway then. They're not going to construct a road, and people are just going to be driving across the lawn and entering the county highway. Is that safe? You're asking about their ability to have an access point to the school? If that's what Your Honor is asking about, the county regulations of Section 4.2 of the County Highway Code provide specific circumstances under which a body is entitled to have access to their property, and we don't necessarily have to give the school, in this case, access to the property on Exchange Street, for example. The school's property, if I've read the map correctly, at the eastern edge of the property abuts Sangamon Street, which is another street in Creek, which is less busy than Exchange Street. We could have provided that their access road should be, or their access to the school be off of that particular roadway, Your Honor. But there are methods by which the county has regulations in place to determine how many access roads should be given or how many access driveways, entryways, et cetera, should be given to a parcel of property and where they should be located in relation to the roadways that abut the property. Thank you. Sure. The county only has authority to regulate with regard to the permit if it's an access road. Is that correct? I thought that's what you just said. No, I apologize if that's what I said, Your Honor. That's not what I mean. The county has the authority to issue permits for building access roads and driveways for private and public use, and that authority is given in 605 ILCS 5-5-413. The county has the authority to issue permits for those in accordance with regulations that are adopted by the county. And do you agree that the school district doesn't have the authority to budget for and erect a traffic device? I don't necessarily agree with that, Your Honor, and I don't think that issue is right for this court's consideration. That's an issue that has yet to be addressed by the trial judge in this matter. We think that as a matter of safety attendant to the school district's building of their property, that they have the authority to enter into an intergovernmental agreement, for example, to agree to pay for the traffic control device here in exchange for the ability to have the access point that they would like on Exchange Street. Okay, so basically what we have here is a school district that has property that abuts the highway. Yes. But elected to build its school further in so that it requires some form of entry for people to get to and from the school. Well, may I be a little more clear about that? The building itself is on Exchange Street, though it's set back because the parcel of property is on Exchange Street. You can access the school grounds themselves because they abut and are adjacent to Exchange Street. The school is elected to build their school and provide for independent stride to allow vehicles to get to the building, but the whole point of my argument is that the definition of access road under the school code doesn't turn on vehicles having access to the school building. It turns on vehicles having access to the grounds itself. I understand the thrust of your legal argument. I'm just looking at how one practically resolves the fait accompli that the school is not directly on the road. So they're trying to get access to the school, and you're saying that it sounds like essentially they should have built the school on the road. No, I'm saying that the particular access point that they have chosen, that being independent stride, doesn't have to be the access point to the school. If I recall correctly, if I look at the map, and I believe it's in the record here, there's another access point to the school property further, I believe it's west of Exchange Street. So there's another access point that you can have to the school property off of Exchange Street other than independent stride, which they, I believe, want to be their main access point to the roadway. And there's an ability for the school to have an access point going out to Sangamon Street, which is the other street that abuts the school property as well. So they want this particular point, and I'm challenging, if they want this particular point, the county's position is that this particular point needs to be permitted. To get the permit, they need a traffic study. They got a traffic study. The traffic study says that the volume of traffic that has to come in and out of that access point, they need to have some kind of signalization here. That's why the county is, under their own regulations and ordinances, requiring that the school pay for the traffic signal in order for this access point to be utilized. Are there other intervening parcels of property with the other two potential access points? I'm trying to picture the map in my head because I don't want to mislead you, but I don't think so. The school was built next to the old high school. Does my answer to this certified question facilitate a resolution of the issues in the trial court? Because you have requested us to afford you this special privilege. Well, I think it may resolve it in a couple of ways. I think that if you read Judge Petrangaro's decision denying the motion for summary judgment, if I'm not mistaken, which ultimately led to their decision that they should certify this issue for you, Judge Petrangaro appears to be inclined to say that if, in fact, this is considered to be an access road under the school code, that by operation of Section 2-102E of the highway code, it is a county highway. But that doesn't ultimately resolve the issue of whether or not the county should have to pay for the light here, which is because, as I brought up to the court earlier, which is why I don't think you should go beyond the question that's been certified to you, that if you do decide that this is an access road as defined by the statute, the county has an alternative argument on which we've asked the trial judge to deny them relief. And that argument is that if they're right and this is a county highway and that the school district has built and burdened the county with a county highway, then the county has the authority to close this roadway and decide that they are not going to have this particular intersection be the access point to the school. So there are more complicated issues involved here than merely if they're right, then we have to pay. That's my point. Are there any other questions? Thank you, Ms. Osterberger. Thank you. Mr. Gleason? Can we start with whether there are other intervening parcels of property? No, Your Honor. There are not? Absolutely not. So how does the resolution of this issue assist you? The resolution of this issue assists me because if you find that there's no need for an intervening parcel of property, then this road factually meets all of the other distinctions to be considered an access road, and it is. And therefore, you would order them to issue us the permit because they've admitted that we've made, we've filed every other requirement that is necessary in order to get the permit other than to pay for the traffic signal. And we're saying we can't pay for the traffic signal, and moreover, it's your road. But didn't you put your car a little bit before your horse? I mean, the general rule, if you're going to tell the county they're going to build a road, don't you need some agreement with them where that's going to be or that they're going to do it at all? I mean, you don't undertake yourself to decide where a county highway is going to be and then say, and by the way, you're going to pay for it. I mean, when did you start your consultation with the county? Before or after you decided this is where you were going to put your road? We filed all the permit steps that were there, and at the end of it, they said, the last step is you need to agree to pay for the signal. And we said, we can't pay for the signal. And at that point, they barricaded the road. So we were following the process along. But going in, did you say, we're making an application for a county highway? We were making an application to have a roadway which connected a newly constructed school to a county highway. That's the application. It seems to me that there was no point of clarification whose responsibility all this is going to be from day one. I'm not sure that's in the record, Your Honor, to be quite frank with you. But the application, whether it's a county highway, is really just an application of law. And to respond to the county's point that it's not fair, the legislature determined that it's part of the county highway. And if we would have run it off the other way into the municipal road, it would have been part of the municipal highway. But in all of those circumstances, there is no developer, there is no school that gets to decide how many driveway cuts there's going to be onto a, whether it's a county or a state or a municipal-owned road system. That's decided before, I mean, you know, the owner of the property doesn't decide that. The government unit decides that. When was it decided that it was all right for you to have that? You don't have a permit yet. There's temporary permits that are issued as you go along, Your Honor, and we were following all the temporary permits. So they knew that we were, it wasn't like we just went out there at night and constructed the road. They knew we were constructing the road there, and as we went along the permit process, they came to the conclusion that they wanted a traffic signal there. And that's where the process completely broke down, was over the traffic signal. So that's the whole issue. You don't have any desire to consider an alternate entrance that wouldn't require signalization? Well, we've already constructed the road, and it already connects with the county highway. I don't know that there's anything else that the school district can do. We don't have the authority to pay for the traffic signal, and the county admitted that before the trial court, and the trial court decided that, and that's in the record at 000151. I don't know what else the Board of Education could have been required to do. The Board of Education paid for this road? Yes, Your Honor. And the same statute we're talking about, 10-22.36a, gives them the authority to expend funds to pay for the access road. So that's where they expended the money. Do you think their decision here today, one way or another, is ultimately going to terminate the litigation? Yes, Your Honor. Based on what counsel for the county has said, that there's an alternative argument here that they're going to make? I don't understand her alternative argument is that we could have run the road somewhere else. That doesn't solve their problem. If this is an access road, and it connects to Exchange Street, it's a county highway. If we follow all the permit application requirements, except the one that we can't comply with as a matter of law, the county can't require the state entity, which is a school district, to follow laws that it makes up. We can only follow the state law. And it's in conflict here. So the decision here would end the litigation. Her alternative argument is that if it's determined to be an access road, they can close it. That's not a legal argument, Your Honor. That's something that maybe they can do, maybe they can't. But that's a different lawsuit. That's not what's at issue here. At issue here is a mandamus count to compel them to issue us the application and a declaratory judgment that is part of the county highway system. If they take the declaratory judgment and decide they want to close the road, that's for the county to do, and we'll deal with that issue when it comes up. But that's not before the circuit court. But it isn't going to end the litigation. It may start a new litigation, but I don't know that. It will end this litigation that is currently pending before the circuit court, unquestionably, I believe, Your Honor. And what if we decide that it's not a county highway? If you decide it's not a county highway or if you just... The question that's really before the court is whether or not it's an access road under the school code. If you decide that it's not an access road under the school code, then it's our road and, you know, we're... I think that the court would probably have to enter judgment in the county's favor at that point. Thank you, Your Honor. Did you finish up? Yes, I did. Thank you. Thank you. We thank both of you for your arguments this morning. We'll take this matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in recess until...